**Roberto TEM–MARTINEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73295.
Agency No. A76–689–290.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Michael T. Dougherty, Office of Immigration and Litigation Ben Franklin Station–Civil Division, Washington, DC, Richard M. Evans, Esq., DOJ–U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

Roberto Tem–Martinez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000). We deny the petition for review.

Tem–Martinez testified that he received three threatening notes from a guerilla organization, that such notes were commonly used by guerillas attempting to recruit members, and that he thought the guerillas may have been interested in him because he had volunteered at a school several years earlier, and his father had been a member of the Guatemalan civil patrol. Because Tem–Martinez presented no evidence that guerillas attempted to recruit him based on his actual or imputed political beliefs, substantial evidence supports the determination that he failed to establish past persecution or a well-founded fear of future persecution on account of political opinion. *See id.* at 1151 (a guerilla organization's attempts to forcibly recruit a person are insufficient to compel a finding of persecution on account of political belief where there is no evidence of discriminatory purpose).

Because Tem–Martinez does not satisfy the standard for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal. *See id.* at 1150.

Tem–Martinez's contentions relating to the BIA's streamlining of this case are foreclosed by *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078 (9th Cir.2004) and *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.